PAUL L. BROWN, Secretary, State Building Commission
You have asked my opinion regarding the constitutionality of issuance of general obligation bonds to finance the building of a coliseum at State Fair Park. More specifically, you ask whether the bonding plan is constitutionally vulnerable in light of a December, 1972, decision of the Michigan Supreme Court invalidating bonds issued to finance the construction of a sports stadium in that state by the defendant county. *Page 237 
The Michigan decision, Alan v. Wayne County (1972),388 Mich. 210, 200 N.W.2d 628, turned on the Michigan court's conclusion that the bonds there questioned were in fact general obligation bonds, notwithstanding efforts to label them, for some purposes, as self-liquidating revenue bonds. Since the Wayne County Stadium Authority's power to issue bonds stemmed from Michigan's revenue bond act (P.A. 1933 No. 94; Mich. Comp. Laws (1970), s. 141.101, et seq.), which authorized only self-liquidating revenue bonds, the general obligation bonds were null as violative of constitutional provisions governing the creation of public debt.
The contemplated Wisconsin State Fair Park coliseum bonds are general obligation bonds, payment of which is guaranteed by a pledge of the full faith, credit and taxing power of the state. Article VIII, sec. 7, Wis. Const.; sec. 18.12, Stats. While it is anticipated that the facility will be self-amortizing, secs.13.488 (7), 93.25 (1), Stats., there is no constitutional or statutory provision limiting the means of bond retirement to a facility's revenues, or even authorizing state "revenue bonds." (See, by way of contrast, sec. 66.521 (4) (a), Stats. (1971))
Creation of public debt (not an incident of the issuance of revenue bonds; see State ex rel. Hammermill Paper Co. v. LaPlante
(1973), 58 Wis.2d 32, 64, 205 N.W.2d 784.) to "acquire, construct, develop, enlarge or improve facilities at State Fair Park" was specifically authorized by the legislature in sec. 518 of ch. 125, Laws of 1971, creating subsection 20.866 (2) (zz), Wis. Stats. (1971). While subheadings in both the session laws and in the statutes speak in terms of "self-amortizing supported bonding authority" and "self-amortizing facilities," there is, as previously mentioned, no provision for the issuance by the state or its agencies of any type of bond other than general obligation bonds.
Consequently, it is my opinion that the bonds contemplated in the constitutional and statutory provisions above cited are general obligation bonds which assuming full compliance with all other *Page 238 
constitutional and statutory requirements not here pertinent — violate no provision of the Wisconsin Constitution.
RWW:SOT